**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                          )
                                                )
      RONALD B. STONE                     )          CASE NO.  06-33601(1)(11)
                                                )
                         Debtor(s)        )

## MEMORANDUM-OPINION

This matter is before the Court on the First Application for Interim Compensation of Fultz, Maddox, Hovious & Dickens, PLC ("Fultz") seeking attorneys' fees of $21,450 and expenses of $1,309.96 for services rendered March 1, 2008 to July 31, 2008.  Fultz further seeks approval of fees which accrued pre-petition through February 29, 2008 in the amount of $21,109.88.  The Court considered the written submissions of Fultz, the Response and Objection of Randall S. Waldman, RW, Ltd., Co. and Stone Machine & Fabrication, LLC ("Waldman") and the comments of counsel at the hearing held on the matter.  For the following reasons, the Court **DENIES** the Application in its entirety.

## FACTS

On December 22, 2006, Debtor filed his Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On May 15, 2007, Fultz was approved by this Court as Special Litigation Counsel for Debtor.

Fultz received a $1,000 retainer and a $25,000 retainer, both of which were paid by Debtor's father, Elmer Stone.  The $1,000 was received on November 16, 2006 and the $25,000 was received

on December 15, 2006. A second $25,000 retainer was received from Debtor's father on March 13, 2008.

From December 28, 2006 to April 9, 2008, Fultz drew down $21,109.88 from the retainer without Court approval for work performed through February 29, 2008.

Fultz seeks approval of the previously paid fees and an additional $21,450 and expenses of $1,309.96 for services rendered through July 31, 2008.

## LEGAL ANALYSIS

On December 1, 2008, Waldman filed his Objection to the Application stating that Fultz's failure to seek Court approval and the fact that it was paid money before it was employed violated 11 U.S.C. §329, Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure. Waldman acknowledge that Fultz disclosed the $25,000 from Debtor's father, but Fultz did not disclose the $1,000 retainer fee that it received pre-petition. Additionally, Waldman contends Fultz violated §329 and Rule 2016(b) by its failure to disclose another $25,000 retainer it received and by drawing down on the retainers between December 28, 2006 through April 9, 2008 without Court approval.

Following a hearing on the Application, the Court entered an Order on December 19, 2008 finding that Fultz was not disinterested as required by 11 U.S.C. §329. This was based on Fultz' failure to disclose the pre-petition retainer of $1,000, as well as its failure to disclose its pre-petition work for the Debtor. Accordingly, the Court required Fultz to terminate its representation of Debtor immediately.

Waldman requests that in addition to disqualifying Fultz from the case, the Court deny all fees requested and require disgorgement of all fees previously paid, citing In re Kisseberth, 273 F.3d 714, 721 (6th Cir. 2001). Disgorgement may be a proper remedy for an attorney's violation of the

2

disclosure obligation under the Bankruptcy Code, even where the failure to disclose results from inadvertence or negligence.  Id.  Disgorgement, however, is within the Court's discretion in light of the disclosure requirements of 11 U.S.C. §329 and Rule 2016(b).  Id.

Fultz contends it was unaware of the Code's requirements because the retainer was paid by someone other than the Debtor.  Fultz was mistaken that the retainers paid by Debtor's father were not property of the estate.  The Sixth Circuit addressed this issue in In re Downs, 103 F.3d 472 (6th Cir. 1996), as follows:

> Retainers paid to counsel for the debtor are to be held in trust for the debtor, and the debtor's equitable interest in the trust property is property of the estate.  See, In re Rittenhouse, 76 B.R. 610, 612 (Bankr. S.D. Ohio 1987); In re Tri-County Water Ass'n, Inc., 91 B.R. 547, 551 (Bankr. D. S.D. 1988); In re Leff, 88 B.R. 105, 108 (Bankr. N.D. 1988).  As a consequence, 'any attorney who unilaterally withdraws against a retainer while representing a debtor in bankruptcy proceedings is plainly in violation of the strictures of the Code.'  Chapel Gate, 64 B.R. at 575.

In Downs, a case involving the failure to disclose a retainer, the court found that the bankruptcy court had abused its discretion by not ordering full disgorgement of all fees paid where counsel had demonstrated "callous disregard" for his fiduciary duties under 11 U.S.C. §329 and Fed. R. Bankr. 2016.  The Court recognized that these provisions are "fundamentally rooted in the fiduciary relationship between attorneys and the courts."  Therefore, the fact that the retainer was paid by the Debtor's father, did not remove Fultz's obligation to comply with the Code.

In the case at bar, there were numerous violations of 11 U.S.C. §329, §330, and Rule 2016 of the Federal Rules of Bankruptcy Procedure by Fultz.  The prevailing Sixth Circuit law mandates that it would be an abuse of discretion for this Court to fail to require disgorgement of all fees paid and retained by Fultz.  See, In re Downs, 103 F.3d 472, 477 (6th Cir. 1996) and In re Kisseberth, 273

F.2d 714 (6th Cir. 2001). All fees received by Fultz without prior Court approval must be returned by Fultz and they will not be approved retroactively by this Court.

This Court does not find a "callous disregard" of the Code and Rules in this case. However, counsel's failure to comply with the Code's requirements on prior court approval of fees under 11 U.S.C. §§330 and 331 was improper. Compensation for professionals under the Code requires prior court approval after notice and opportunity for objections are provided. Failure to comply justifies denial of all fees. See, McCrary and Dunlap Construction Co., LLC, 263 B.R. 574, 583 (M.D. Tenn. 2001) and cases cited therein. It would be an abuse of discretion for this Court to allow payment of Debtor's counsel's fees without prior Court approval. Accordingly, the Application must be denied in full.

## CONCLUSION

For all of the above reasons, the First Application for Interim Compensation of Fultz, Maddox, Hovious & Dickens, PLC is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 3, 2009

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                    )
                                          )
    RONALD B. STONE               )          CASE NO.  06-33601(1)(11)
                                          )
                     Debtor(s)        )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the First Application for Interim Compensation of Fultz, Maddox, Hovious & Dickens, PLC, be and hereby is, **DENIED**.

This is a final and appealable Order and there is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  March 3, 2009