#### UNITED STATES BANKRUPTCY COURT
#### FOR THE
#### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RONALD B. STONE | ) | CASE NO. 06-33601(1)(11) |
| | ) | |
| Debtor(s) | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Motion of Randall Waldman ("Waldman") to enforce settlement with Debtor Ronald Stone ("Stone"). Waldman's counsel, John Wilson, contends that after a protracted negotiation with Debtor's counsel, Loren Prizant, in December 2017, and an exchange of drafts of a Confidential Settlement Agreement and Release, a Settlement Agreement was reached in late December 2017. Wilson contends that after submitting the Settlement Agreement to Prizant and waiting an inordinate amount of time, he inquired as to whether Stone was backing out of the agreement. Prizant replied by email that his client was "not backing out." Prizant indicated that they were working with Stone's bankruptcy counsel to get bankruptcy court approval of the settlement. No motion for approval of the settlement was filed with this Court and Waldman and his counsel then filed the current Motion to Enforce the Settlement.

The leading authority on this issue in Kentucky is set forth in *Clark v. Burden*, 917 S.W.2d 574 (1996), which held that under ordinary circumstances, express client authority is required to enforce a settlement. A trial court must similarly decide the facts to determine whether the client has given settlement authority. If no such authority was given, the Court may still enforce the settlement if the party seeking enforcement is "substantially and adversely affected" by their reliance on the purported settlement. *Id.* at 577.

Here, the only evidence presented in favor of Waldman's Motion is an email from the Debtor's attorney saying his client was not "backing out" of the settlement. In *Ford v. Beasley*, 148 S.W.3d 808 (Ky. App. 2004), the Court had extensive testimony as to the client's involvement in the negotiations and found that the client had indeed given his attorneys authority to settle the case on the terms represented. There is no evidence that would support a similar finding in this case.

Additionally, the Court has not been presented with any settlement document or contract signed by the Debtor or his authorized agent that the Court could enforce. Further, Waldman fails to present any "terms" of such for the Court to even evaluate. Under KRS 371.010, no action shall be brought against any person for any representation or assurance made with intent that such other may obtain money from that person, unless the promise, agreement or contract is in writing and signed by the party to be charged. *See*, KRS 371.010(1).

Based on the record before the Court and counsel's comments at the hearing held on the matter, there is no basis to require the Debtor to enforce the settlement agreement.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Enforce Settlement with Debtor Ronald Stone filed by Randall Waldman, be and hereby is, **DENIED**.